**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHAKA K., <br><br> *Plaintiff*, <br><br> v. <br><br> COMM. OF SOCIAL SECURITY, <br><br> *Defendant*. | HONORABLE KAREN M. WILLIAMS <br><br> No. 24-8132 (KMW) <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Chaka K.'s ("Plaintiff") Motion for Temporary Restraining Order ("TRO") filed on January 21, 2026 (Dkt. No. 32).

**WHEREAS,** Plaintiff seeks a TRO from this Court enjoining his eviction trial in the Superior Court of New Jersey, Atlantic County, Law Division, Special Civil Part – Landlord/Tenant, which is scheduled for January 26, 2026 (*id.* at 1); and

**WHEREAS,** Plaintiff's TRO is based on his assertion that the state court judge presiding over his eviction proceedings arbitrarily denied his request for discovery (*id.* at 3); and

**WHEREAS,** the United States Court of Appeals for the Third Circuit has held that the Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). "Courts in the Third Circuit have consistently held that the Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." [1] *Funes Nunez v. Morgan Props. LLC*, No. 25-17084, 2025

---

[1] "[T]he Act's three exceptions are 'construed narrowly,' and '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly

WL 3485725, at *1 (D.N.J. Dec. 4, 2025); *see also Wilson v. Ortega*, No. 23-00349, 2024 WL 5186912, at *4 (D.N.J. Dec. 20, 2024) ("[T]he Anti-Injunction Act precludes a federal court from enjoining state-court eviction or foreclosure proceedings."); *Liggon-Redding v. Generations*, No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) ("[F]ederal courts 'lack the authority to stay any state court proceedings, including Eviction Actions.'") (citations omitted); *Rhett v. Div. of Hous., Dep't of Cmty. Affs.*, No. 14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action.").[2]

**CONSEQUENTLY**, for all the foregoing reasons; and for good cause shown;

**IT IS** on this 22 day of **January, 2026**, hereby **ORDERED** as follows:

(1) Plaintiff's Motion for TRO (Dkt. No. 32) is **DENIED**; and

(2) The Court reserves decision on all other pending motions, which will be decided in due course; and

(3) The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

fashion to finally determine the controversy.'" *Funes Nunez*, 2025 WL 3485725, at *1 (quoting *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002)). Here, Plaintiff does not assert that his request for injunctive relief is necessary to aid in this Court's jurisdiction or protect or effectuate a judgment of this Court. (*See generally* TRO); *see* 28 U.S.C. § 2283. Nor does Plaintiff cite to an "Act of Congress" expressly authorizing this Court to enjoin the state court eviction proceeding, notwithstanding the provisions of 28 U.S.C. § 2283. Accordingly, no exceptions to the Anti-Injunction Act apply here. *See id.*; *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d at 103; 28 U.S.C. § 2283.

[2] Although this Court cannot grant the relief Plaintiff seeks, Plaintiff retains "an available avenue of relief: to file an appeal with the Appellate Division of the Superior Court of New Jersey (and beyond)." *Allen v. Bello*, No. 14-0760, 2016 WL 1670927, at *14 (D.N.J. Apr. 27, 2016), *aff'd sub nom.*, 861 F.3d 433 (3d Cir. 2017); *see also Middlebrook At Monmouth v. Liban*, 419 F. App'x 284, 286 (3d Cir. 2011) (noting "federal district courts do not have appellate jurisdiction over state court decisions . . . They cannot review proceedings conducted by a state tribunal to determine whether it reached its result in accordance with law.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also* N.J. Ct. R. 2:2 ("Appealable Judgment and Determinations").