<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| CHAKA K., | HONORABLE KAREN M. WILLIAMS |
| *Plaintiff,* | No. 24-8132 (KMW) |
| v. | |
| COMM. OF SOCIAL SECURITY, | **MEMORANDUM OPINION** |
| *Defendant.* | **AND ORDER** |

**THIS MATTER** comes before the Court by way of the Commissioner of Social Security's ("Commissioner") Motion to Dismiss (Dkt. No. 14) *pro se* Plaintiff Chaka K.'s ("Plaintiff") Complaint for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6); and various motions by Plaintiff.[1] The Court has considered the parties' submissions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons that follow, the Court **GRANTS** the Commissioner's Motion to Dismiss (Dkt. No. 14); dismisses Plaintiff's Complaint; and **DENIES** Plaintiff's pending motions.

**WHEREAS,** the Commissioner moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to exhaust administrative remedies. (*See* Def.'s MTD Br. at 2-3, 7-9, Dkt. No. 15.) Specifically, the Commissioner argues that Plaintiff's appeal must be dismissed because he has not received a final decision from the Commissioner of Social Security. (*See* Def.'s Br. at 7 (Colon Decl. at ¶ 2(m).) Instead, the Commissioner argues, Plaintiff "only

---

[1] Specifically, Plaintiff's Motion to Supplement the Records (Dkt. No. 26); Motion for Entry of Default (Dkt. No. 28); Motion for Judgment on Agency Default (Dkt. No. 29); Motion for an Order Compelling Judicial Action (Dkt. No. 34); Motion to Add New Claims (Dkt. No. 36); Motion for Declaratory Judgment (Dkt. No. 37); Motion to Add New Claims (Dkt. No. 38); "Motion Order" (Dkt. No. 48); "Motion to retain lead Plaintiff" (Dkt. No. 49); Motion for Sanctions (Dkt. No. 50); Motion for Supp. Filings (Dkt. No. 51); Motion for Order Confirming His Status as Lead Plaintiff (Dkt. No. 52); and "Emergency Notice of Irreparable Harm" (Dkt. No. 58) are before the Court.

received various notices explaining the overpayments and repayment process and SSA's initial and reconsideration determinations," (*see* Colon Decl. at ‖ 2(l)), which do not constitute a "final decision after a hearing." 20 C.F.R. § 416.1400(a)(5); and

**WHEREAS**, Plaintiff has only made a conclusory assertion that he has exhausted his administrative remedies on June 7, 2024. (*See* Complaint at 6, Dkt. No. 1.) Plaintiff does not allege in his Complaint that he has received a final decision by the Commissioner, nor has Plaintiff submitted any documents suggesting such a decision has been issued. (*See generally* Dkt. Nos. 1, 26, 28, 29, 34, 36, 37, 38, 48); and

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "Federal court jurisdiction is expressly limited by § 205 of the Social Security Act." *Tobak v. Apfel*, 195 F.3d 183, 186–87 (3d Cir. 1999) (citing 42 U.S.C. §§ 405(g), (h)). "Section 205(h) precludes judicial review of the 'findings of fact or decision of the Commissioner of Social Security . . . except as herein provided.'" *Id.* (quoting 42 U.S.C. § 405(h)). Section 205(g) provides for federal jurisdiction over 'any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party, irrespective of the amount in controversy. *Id.* Although the Commissioner moved under Federal Rule of Civil Procedure 12(b)(6), because the absence of a final decision implicates the Court's subject-matter jurisdiction, the Court analyzes the motion under Rule 12(b)(1). *See Pallotta v. Barnhart*, 144 F. App'x 938, 941 (3d Cir. 2005). Thus, the Court may consider the administrative records because this is a Rule 12(b)(1) factual attack to the Court's subject-matter jurisdiction for failure to exhaust administrative remedies pursuant to § 405(g). *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014); and

**WHEREAS**, the Commissioner has attached to its MTD documents from the administrative record indicating that Plaintiff is currently receiving social security disability benefits, which have merely been reduced by 10% to address the overpayments made to Plaintiff. (*See* Notice of Award, Dkt. No. 15-2 at 10-25; Notice of Overpayment, Dkt. No. 15-2 at 26); and

**WHEREAS**, the Court may excuse a plaintiff from the exhaustion requirement where: (1) the plaintiff's claim is collateral to his claim for benefits; (2) the plaintiff has not shown that he would sustain irreparable injury if the exhaustion requirement is enforced; and (3) there is no indication that exhaustion would be futile. *See Bowen v. City of New York*, 476 U.S. 467, 484 (1986); *see also Chailla v. Comm'r of Soc. Sec. Admin.*, 838 F. App'x 653, 656 (3d Cir. 2020); and

**THE COURT FINDING** that the foregoing exceptions do not excuse Plaintiff from the exhaustion requirement here because Plaintiff's claim for benefits that are being withheld is not collateral to his underlying claim for benefits; Plaintiff has "failed to make a colorable showing that [the] alleged injuries could not be remedied by the retroactive payment of benefits after the exhaustion of administrative remedies," *see Pallotta*, 144 F. App'x at 941; and Plaintiff has failed to show that exhaustion of his administrative remedies would be futile, as Plaintiff may prevail in his administrative proceedings or any subsequent appeal after the agency has had the opportunity to correct its own errors therein. *See Bowen*, 476 U.S. at 484; and

**WHEREAS**, *pro se* Plaintiff has not filed a formal opposition to the Commissioner's MTD. Rather, Plaintiff has filed various motions, which the Court briefly summarizes and addresses in turn below:

- Plaintiff's Motion to Supplement the Records (Dkt. No. 26): Plaintiff makes a conclusory assertion that the Commissioner's adverse benefit determinations were premised on false and incomplete records. (*Id.*) Plaintiff does not articulate which records were false or how that information allegedly impacted the Commissioner's determination. (*Id.*) Moreover, as discussed above, the Commissioner has not issued a final decision. *See* 20 C.F.R. § 416.1400(a)(5). Thus, the Court will deny this motion as moot.

- Motion for Entry of Default (Dkt. No. 28) and Motion for Judgment on Agency Default (Dkt. No. 29): Plaintiff seeks entry of default against the Commissioner pursuant to Federal Rule of Civil Procedure 55(a). Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Here, because the Commissioner's pending MTD predated Plaintiff's request for entry of default, the Court denies these motions.

- Motion for an Order Compelling Judicial Action (Dkt. No. 34): Plaintiff's request for judicial action addressing his pending motions is denied as moot.

- Motion for Declaratory Judgment (Dkt. No. 37): Plaintiff seeks an injunction compelling the Commissioner to recognize him by his alleged legal name, which is listed as an alias in his administrative proceedings. Plaintiff argues that he has suffered unspecified "reputational and procedural harm" as a result and seeks damages pursuant to 42 U.S.C. § 1983. Here, the Commissioner is not subject to § 1983 because the Social Security Administration is a federal agency and Plaintiff has not alleged it acts "under color of state law." (*See* Dkt. No. 37.) Moreover, while the victim of constitutional violations by a federal officer acting under color of their authority may give rise to a *Bivens*[2] action in certain circumstances, the Supreme Court has held that an alleged due process violation arising from the denial of social security benefits cannot give rise to a *Bivens* remedy or circumvent §405(g)'s review scheme. *See Schweiker v. Chilicky*, 487 U.S. 412 (1988). Claims "arising under" the Social Security Act must proceed through §405(g). *Heckler v. Ringer*, 466 U.S. 602, 605 (1984) (holding that "Congress, in § 405(g) and § 405(h), . . . refus[ed] declaratory relief and require[ed] that administrative remedies be exhausted before judicial review of the [Commissioner's] decisions takes place. Congress must have felt that cases of individual hardship resulting from delays in the administrative process had to be balanced against the potential for overly casual or premature judicial intervention in an administrative system that processes literally millions of claims every year.). Furthermore, even if framed as a constitutional challenge, the claim arises from the denial or reduction of benefits and therefore falls within §405(h). *See Bowen*, 476 U.S. at 484. To the extent Plaintiff complains of a systemic policy regarding his alleged name being listed as an alias, the Court finds that Plaintiff has not stated a colorable constitutional claim. The Court does not have subject-matter jurisdiction to address Plaintiff's non-collateral constitutional claims until his administrative remedies are exhausted. *See* 42 U.S.C. § 405(g). The Supreme Court has long held that social security petitioners must ordinarily exhaust the administrative review process before seeking judicial relief. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Because Plaintiff filed this action prior to obtaining a final decision from the Social Security Administration, this Court lacks authority to grant the declaratory or injunctive relief requested. Accordingly, the Court shall deny Plaintiff's motion.

---

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971).

4

- Motions to Add New Claims (Dkt. Nos. 36, 38): Plaintiff seeks leave to amend his Complaint to add unspecified "constitutional claims." Although leave to amend should be given freely, such a request should be denied where granting leave to amend would be futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, the Court finds that because Plaintiff's proposed amendments do not satisfy the exhaustion requirement or any exceptions thereto, amendment at this time would be futile. Thus, the Court will grant the Commissioner's motion to dismiss *without* prejudice to Plaintiff's ability to re-file a new social security appeal after exhausting his administrative remedies.

- "Motion Order" (Dkt. No. 48): Plaintiff asserts the Court issued a "verbal ruling concerning consolidation" on February 17, 2026. It is unclear to the Court what Plaintiff is referring to. Plaintiff requests the Court make findings of fact and law, which the Court has provided herein. Accordingly, the Court shall deny Plaintiff's motion as moot.

- "Motion to retain lead Plaintiff" (Dkt. No. 49) and "Motion to Confirm His Status as Lead Plaintiff" (Dkt. No. 52): Because Plaintiff is the only petitioner in this case, no order designating Plaintiff as the lead plaintiff is necessary. Thus, the Court denies this motion.

- Motion for Sanctions (Dkt. No. 50): Plaintiff seeks sanctions against the Commissioner for alleged inaccuracies with respect to the administrative proceedings below. The Court finds that Plaintiff has not demonstrated that the Commissioner has violated Federal Rule of Civil Procedure 11. Moreover, because Plaintiff's Complaint is subject to dismissal for his failure to exhaust administrative remedies, Plaintiff's motion for sanctions is denied.

- Motion for Supp. Filings (Dkt. No. 51): Plaintiff suggests that he has been harmed by unspecified issues with the Court's electronic filing system. Clearly, Plaintiff has not been denied the ability to file motions, as evidenced by the multitude of filings the Court addresses herein. Moreover, it is not clear what relief Plaintiff seeks in this motion. Thus, this motion is denied.

- "Emergency Notice of Irreparable Harm" (Dkt. No. 58): Plaintiff has notified the Court that he has been evicted from his residence, resulting in his inability to receive court filings in the mail and access his medication. Plaintiff requests immediate injunctive relief to protect his access to his mail and medication. Plaintiff also asks that the Court send copies of all Court communications to his phone or email. The Court will direct the Clerk of Court to send Plaintiff all further filings via email. This Court lacks subject-matter jurisdiction to provide the remaining relief that Plaintiff seeks. *See Califano,* 430 U.S. at 108; § 405(g).

**THE COURT FINDING** that the foregoing motions do not alter the Court's conclusion that Plaintiff's Complaint is subject to dismissal for his failure to exhaust administrative remedies;

**CONSEQUENTLY,** for all the foregoing reasons; and for good cause shown;

**IT IS** on this ___ day of **March, 2026,** hereby **ORDERED** as follows:

5

(1) The Commissioner's Motion to Dismiss (Dkt. No. 14) is **GRANTED.**

(2) Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** to re-file after he has exhausted his administrative remedies.

(3) Plaintiff's pending motions (Dkt. Nos. 26, 28, 29, 34, 36, 37, 38, 48, 49, 50, 51, 52, 58) are **DENIED.**

(4) The Clerk of the Court is directed to mark this case as **CLOSED** and shall serve a copy of this Order upon Plaintiff by regular U.S. mail and via email to Oldchaka7@gmail.com.

(5) Plaintiff may re-file a new social security action pursuant to § 405(g) if he does not receive relief in the administrative process before the Commissioner upon exhaustion of administrative remedies.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

6